UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL MALLAHAN,

                    Plaintiff,

                                        <u>MEMORANDUM & ORDER</u>
        -against-                       18-CV-4316(JS)(GRB)

SUFFOLK COUNTY SHERIFF'S OFFICE,
SUFFOLK COUNTY CORRECTIONS DEPT.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Daniel Mallahan, <u>pro se</u>
                    18-A-3176
                    Downstate Correctional Facility
                    Red Schoolhouse Road
                    Box F
                    Fishkill, New York 12524

For Defendants:     No appearances.

SEYBERT, District Judge:

        On July 30, 2018, incarcerated <u>pro se</u> plaintiff Daniel

Mallahan ("Plaintiff") filed a Complaint in this Court pursuant to

42 U.S.C. § 1983 ("Section 1983") against the Suffolk County

Sheriff's Office (the "Office"), and the Suffolk County

Corrections Department (the "Department" and together,

"Defendants"), accompanied by an application to proceed <u>in forma</u>

<u>pauperis</u>.

        Upon review of the declaration in support of the

application to proceed <u>in forma pauperis</u>, the Court finds that

Plaintiff is qualified to commence this action without prepayment

of the filing fee.   <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a)(1).

Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.  However, for the reasons that follow, Plaintiff's Section 1983 claims against the Office and the Department are DISMISSED WITH PREJUDICE.

THE COMPLAINT[1]

Plaintiff's Complaint is submitted on the Court's Section 1983 Complaint form and is brief.  The Statement of Claim, in its entirety, alleges:

> On June 19, 2018 @ approximately 5:00 p.m. I Daniel Mallahan was pointed out by another inmate as having contraband.  I was brought to a 'sergeant's office" away from cameras to be strip searched.  When bending at the waist to spread my buttocks one of the 3 staff members (one being a SERT correction officer and two being investigators) told me he saw a small plastic piece hanging out of my rectum. Officer investigator and SERT threw me to the ground and I refused to pull it up out of my rectum.  Upon my refusal investigator #2 smashed my right hand with a metal baton. This caused severe swelling and painful injury.  Pictures were taken by internal affairs.  At this point all 3 officers held me down and investigator # 1 inserted a finger about 2-3 inches into my rectum and scooped roughly to manually and forcefully pulled a bag containing a small amount of cocaine out of my rectum.  Upon an evaluation by a sexual

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.  Excerpts from the Complaint as reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

> assault nurse examiner there was a tear in my
> anus caused by this. The aforementioned
> assault is illegal and a criminal case in
> Suffolk County Police Department has been
> filed CC #18-363.

(Compl. ¶ IV and at 5.) In the space on the Complaint form that calls for a description of any claimed injuries, Plaintiff alleges that he "received a serious contusion to my right hand. The sexual assault resulted in a painful tear to my anus that caused bleeding, pain meds and special treatment for two weeks. I received treatment at Peconic Bay Medical Center." (Compl. ¶ IV.A.) For relief, Plaintiff requests "pain & suffering compensation in the amount of $200,000.00." (Compl. ¶ V.)

## DISCUSSION

### I.   In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III.  Section 1983

Section 1983 provides that

[e]very person who, under color of any
statute, ordinance, regulation, custom, or
usage, of any State . . . subjects, or causes
to be subjected, any citizen of the United
States . . . to the deprivation of any rights,
privileges, or immunities secured by the
Constitution and laws, shall be liable to the
party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132

S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).  To state a claim

under Section 1983, a plaintiff must "'allege that (1) the

challenged conduct was attributable at least in part to a person

who was acting under color of state law and (2) the conduct

deprived the plaintiff of a right guaranteed under the Constitution

of the United States.'"  Rae v. Cty. of Suffolk, 693 F. Supp. 2d

217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53

(2d Cir. 1999)).

A.  Claims Against the Office and the Department

Plaintiff's Section 1983 claims against the Office and

the Department are not plausible because neither entity has

independent legal identity.  It is well-established that "under

New York law, departments that are merely administrative arms of

a municipality do not have a legal identity separate and apart

from the municipality and, therefore, cannot sue or be sued."

Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); Trahan v. Suffolk Cty. Corr. Fac., 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity."). Thus, Plaintiff's Section 1983 claims against the Office and the Department are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Suffolk County, and finds that he has not for the reasons that follow.

B.   Claims As Construed Against Suffolk County

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servs. of N.Y.C.,

436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131

S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80
(2d Cir. 2006), or that "was so manifest as to imply the
constructive acquiescence of senior policy-making officials,"
Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004)
(internal quotation marks and citations omitted); or (4) that "a
policymaking official exhibit[ed] deliberate indifference to
constitutional deprivations caused by subordinates." Cash, 654
F.3d at 334 (internal quotation marks and citations omitted); see
also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d
415, 439 (2d Cir. 2009) (A municipal custom may be found when
"'faced with a pattern of misconduct, [the municipality] does
nothing, compelling the conclusion that [it] has acquiesced in or
tacitly authorized its subordinates' unlawful actions.'") (quoting
Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second
alteration in original)).

Here, even affording the pro se Complaint a liberal
construction, there are no factual allegations from which the Court
could reasonably construe a plausible Section 1983 cause of action
against Nassau County. Indeed, "[a] single incident in a
complaint . . . does not suffice to show a municipal policy."
DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation
marks and citation omitted). Accordingly, Plaintiff's Complaint,

8

as construed against Suffolk County does not allege a plausible Section 1983 claim.

C.    <u>Leave to Amend</u>

Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Because the defects in Plaintiff's claims against the Office and the Department are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint against the Office and the Department is DENIED.  However, in an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against the municipality, Suffolk County, and/or any proper Defendant.  Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 18-CV-4316(JS)(GRB), and shall be filed within thirty (30) days from the date of this Order.  Plaintiff is cautioned that an Amended Complaint **completely replaces the original.**  Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint.  If Plaintiff does not file an Amended Complaint within

the time allowed, judgment shall enter without further notice.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Office and the Department for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH THIS ORDER WITHIN THIRTY (30) DAYS FROM THE DATE AT THE BOTTOM OF THIS PAGE. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August ___28___, 2018
       Central Islip, New York